IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUSSELL MONTAGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv256-WHA |
| ) | (WO) |
| LIEUTENANT BELL, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Upon review of Federal Defendants' Response to Order to Show Cause, filed on May 30, 2013 (Doc. No 31), it is hereby

ORDERED that the stay of proceedings in this case entered on May 27, 2011, is LIFTED.

The court believes the government has had sufficient time in which to conduct any relevant investigations and finds that Federal Defendants have failed to provide good cause as to why the stay should remain in effect in this case. Therefore, with the exception of filing dates set forth in court's prior orders, this case shall proceed under the orders entered prior to the stay of proceedings, specifically the court's order of May 10, 2011 (Doc. No. 9).

Accordingly, it is hereby ORDERED that:

1. The defendants undertake a review of the subject matter of the instant complaint (a) to ascertain the relevant facts/circumstances; (b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and (c) to

determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

    2.  A written report be filed by the defendants and a copy served upon the plaintiff **on or before July 17, 2013**. The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint.

    3.  All defenses including immunity defenses must be set forth in the written report or such defenses may be waived. Authorization is hereby granted to the defendants to interview all witnesses who agree to such action, including the plaintiff. Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where the plaintiff's claim or the defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines. In addressing the claims presented by the plaintiff, the defendants shall furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief.

    4.  If the defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance procedure available to the plaintiff and/or the manner in which the plaintiff failed to exhaust a grievance procedure. If the plaintiff failed to undertake the available grievance procedure during his confinement in the jail/correctional facility and such procedure is no longer available to him, the defendants shall so advise the court. *Jones v. Bock*, 549 U.S. 199, 216 (2006) (failure of exhaustion is an affirmative defense which must be raised by the defendants); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA

exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91. If appropriate, the defendants may limit their report to assertion of the exhaustion defense.

    5. An **answer shall be filed by the defendants on or before July 17, 2013.**

    6. No motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

    Done this 17th day of June, 2013.

                                            /s/Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE