IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL MONTAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv256-WHA |
| | ) | (WO) |
| LIEUTENANT BELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

The plaintiff, Russell Montague ("Montague"), brings this *pro se* action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971),[1] alleging that violations of his constitutional rights occurred while he was a federal inmate at FPC Montgomery, located on Maxwell Air Force Base in Montgomery, Alabama.  In his complaint, filed on April 4, 2011 (Doc. No. 1), Montague alleges that on numerous occasions during a 22-month period between February 2008 and December 2009, Bureau of Prison ("BOP") staff members and civilian employees at FPC Montgomery forced him to commit criminal acts to promote their own gains and interests, with the threat of punishment if he did not cooperate with their demands.  *Id*. at 1-2.  In addition, Montague alleges that BOP staff members defamed him

---

[1] A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights.  *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498-99 (1978).  The standards of liability in a *Bivens* action are similar to the standards under 42 U.S.C. § 1983.  *Butz*, 438 U.S. at 500.

by making false claims about his character.  *Id*. at 3.  For the alleged violations of his constitutional rights, Montague seeks, among other things, declaratory and injunctive relief and monetary damages.  *Id*. at 4.

The defendants filed a special report and supporting evidentiary materials addressing Montague's complaint.  *See* Doc. No. 41.  In these documents, the defendants assert that Montague failed to exhaust BOP administrative remedies available to him while incarcerated at FPC Montgomery.  Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendants' report as a motion for summary judgment. Doc. Nos. 9 and 36; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies are absolutely time barred or otherwise clearly infeasible.").  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment should be granted.

## II.   STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th

Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials, and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to Montague's failure to exhaust  BOP administrative remedies.  Thus, the burden shifts to Montague to establish, with appropriate evidence beyond the pleadings, that a dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *See Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Montague is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Anderson*, 4767 U.S. at 249-50.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th  Cir. 1984).  Consequently, when a party fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Montague fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Celotex*, 477 U.S. at 322.

## III.   DISCUSSION

Montague alleges that violations of his constitutional rights occurred while he was a federal inmate at FPC Montgomery. In response, the defendants maintain, among other things, that this case should be dismissed because Montague failed to exhaust the administrative remedies available to him at FPC Montgomery before initiating his *Bivens*

action in this court, as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").

The PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court through a 42 U.S.C. § 1983 complaint or a *Bivens* action.[3] Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth v. Churner*, 532 U.S. 731, 741 (2000); *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *see Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford*, 548 U.S. at 93 (emphasis added).

---

[3] In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court held that the exhaustion provision of the PLRA is applicable to plaintiffs bringing *Bivens* actions. *See* Eleventh Circuit cases applying exhaustion requirement to *Bivens* actions, *e.g.*, *Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007); *Sundar v. Immigration and Naturalization Service*, 328 F.3d 1320 (11th Cir. 2003); *Davis v. United States*, 272 F. App'x 863 (11th Cir. 2008); *O'Brien v. Seay*, 263 F. App'x 5, (11th Cir. 2008).

> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . .  Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."

548 U.S. at 90-91, 93.  Because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The BOP's administrative remedy program for inmates is set out in the Code of Federal Regulations at 28 C.F.R. §§ 542.10 et. seq. (2003).  *See, e.g.*, *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007); Doc. No. 42, Attachment 1, *Declaration of Terry Collins*. An inmate may seek formal review of any aspect of his imprisonment if less formal procedures do not resolve the matter. 28 C.F.R. § 542.10.  The BOP procedure provides a three-tiered review process comprising the Warden, the Regional Director, and the General Counsel.  *Okpala*, 248 F. App'x at 73; *see* 28 C.F.R. §§ 542.10, 542.11-542.16; BOP Program Statement 1330.7.

An inmate must first present his complaint for informal resolution before filing for formal review.  If the inmate is unable to resolve his complaint informally, then a written administrative remedy request is formally filed locally with the Warden of the facility in which the inmate is confined.  *Martin v. Zenk*, 244 F. App'x 974, 975 (11th Cir. 2007); *Declaration of Terry Collins*, p. 2.  The inmate has 20 calendar days from the date on which the action complained of occurred to attempt informal resolution and file a formal complaint. *Martin*, 244 F. App'x at 975.  The Warden ordinarily has 20 calendar days to respond.  28 C.F.R. § 542.14.  If the inmate is not satisfied with the response received from the Warden, the response may be appealed, within 20 calendar days, to the Regional Director for the BOP geographic region in which the inmate is incarcerated.  *See Martin*, 244 F. App'x at 975; *Declaration of Terry Collins*, p. 2; 28 C.F.R. § 542.15(a).  If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the BOP's General Counsel within 30 calendar days.  *Martin*, 244 F. App'x at 975-76; *Declaration of Terry Collins*, p. 2.  Appeal to the General Counsel is the final BOP administrative appeal.  *Martin*, 244 F. App'x at 976; 28 C.F.R. § 542.15.

The evidentiary materials filed by the defendants establish that Montague did not file any administrative remedies regarding the matters alleged in his complaint.  *Declaration of Terry Collins*, pp. 2-4.  Thus, these materials demonstrate that Montague failed to properly exhaust all available administrative remedies provided to him during his incarceration at FPC Montgomery.

On November 7, 2013, this court entered an order allowing Montague the opportunity to respond to the arguments made by the defendants in their special report.  Doc. No. 42. Montague has filed nothing in response to this order.  The court therefore concludes that this cause of action are subject to dismissal because Montague failed to properly exhaust all administrative remedies available to him, which is a precondition to proceeding in this court on his claims.  *Woodford*, 548 U.S. at 87-94.

Montague is not currently confined at FPC Montgomery.  Thus, the administrative remedy program provided by the BOP is no longer available to him with respect to his claims.  Under such circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2d Cir. 2004) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the defendants' motion for summary judgment be GRANTED to the extent the

defendants seek dismissal of this case based on Montague's failure to exhaust all administrative remedies available to him at FPC Montgomery through the BOP's administrative remedy program; and

(2) this case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) because of Montague's failure to exhaust the BOP's administrative remedies during his confinement at FPC Montgomery.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 2, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

10

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of December, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE